# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Mark Morral,

                                        Plaintiff,

                                                        Civ. No. 07-2736 (RHK/JSM)
                                                        **MEMORANDUM OPINION AND
                                                        ORDER**

v.

Alberto Gonzales, *et al.,*

                                        Defendants.

Hetal Delal, Wilson Law Group, Minneapolis, Minnesota, for Plaintiff.

D. Gerald Wilhelm, Assistant United States Attorney, Minneapolis, Minnesota, for
Defendants.

## INTRODUCTION

In this action, Plaintiff Mark Morral challenges the delay in adjudicating his

naturalization application by the Bureau of Citizenship and Immigration Services

("CIS"), and he asks the Court to adjudicate the application under 8 U.S.C. § 1447(b) or,

in the alternative, to remand it to CIS with instructions to adjudicate it within 60 days.  He

also asserts that his due-process and equal-protection rights have been violated by CIS as

a result of the delay.  Defendants now move to dismiss, arguing that the Court lacks

subject-matter jurisdiction.  For the reasons set forth below, the Court concludes that

subject-matter jurisdiction exists, but that the matter should be remanded to CIS.[1]

---

[1] The Complaint purports to seek a *declaration* that the delay in adjudicating Morral's
application is unreasonable, and further seeks an injunction "enjoining Defendants from

## BACKGROUND

The material facts in this case are undisputed.  On December 28, 2005, Morral

filed a naturalization application (the "Application") with CIS.  On April 4, 2006,

pursuant to 8 C.F.R. § 335.2, CIS interviewed Morral concerning his Application, at

which time he passed the required English-language-proficiency evaluation and a test

concerning his knowledge and understanding of United States government and history.

See 8 U.S.C. § 1423(a)(1)-(2); 8 C.F.R. § 335.2.  The only remaining hurdle for the

Application to be finally adjudicated, therefore, was a Federal Bureau of Investigation

("FBI") name check.  See 8 C.F.R. § 335.2(b).[2]  That name check has been pending since

Morral's interview – *i.e.,* more than eighteen months.  In April 2007, Morral asked CIS

about the status of his Application, but he was told that his name check remains pending

and that CIS cannot finally adjudicate the Application without the results of the name

check.

As a result of the delay in adjudicating his application, Morral commenced the

instant action against Alberto Gonzales, the former Attorney General of the United States;

Robert S. Mueller, III, the Director of the FBI; Michael Chertoff, the Secretary of the

---

unreasonably delaying completion of [his] naturalization application."  (Compl. at 13.)  Yet, it is
clear that the relief Morral actually seeks is this Court's adjudication of his naturalization
application or, alternatively, remand to CIS with directions to adjudicate the application within
60 days.  (See id. (asking the Court to "[g]rant Plaintiff's petition to be sworn in as a citizen of
the United States"); Mem. in Opp'n at 13 ("The Court should either adjudicate Mr. Morral's
pending naturalization application or remand his naturalization application to USCIS for
[adjudication] within sixty days.").

[2] 8 C.F.R. § 335 sets forth a multiple-step background-check process for naturalization
applicants, of which the FBI name check is but one step.  Here, however, all steps in the
background check – other than the FBI name check – apparently have been completed.

Department of Homeland Security; Emilio Gonzalez, the Director of CIS; and Denise

Frazier, the Director of the St. Paul Field Office of CIS.  The Defendants now move to

dismiss for lack of subject-matter jurisdiction.[3]

## ANALYSIS

Defendants argue that the Court lacks subject-matter jurisdiction to adjudicate the

Application, but this argument need not detain the Court for long.  In Repeshchuk v.

Gonzales, Civ. No. 07-2017, 2007 WL 2361450, at *1-4 (D. Minn. Aug. 15, 2007) (Kyle,

J.), this Court analyzed at length the controlling statutory and regulatory framework and

concluded that federal courts enjoy subject-matter jurisdiction to adjudicate naturalization

applications like Morral's.  The Court perceives no reason to revisit its holding in

---

[3] Defendants' Motion is primarily directed at Count 1 of the Complaint, which seeks this Court's adjudication of Morral's naturalization application.  In Count 2 of the Complaint, Morral has asserted that the delay in adjudicating his application has violated his rights to due process and equal protection.  (Compl. at 12-13.)  Defendants argue that Count 2 fails to state a claim, and the Court agrees.  First, assuming *arguendo* that there has been a due-process error here, Morral cannot demonstrate any prejudice resulting from the error.  See, e.g., Briones-Sanchez v. Heinauer, 319 F.3d 324, 327 (8th Cir. 2003) (due-process claimant must show "actual prejudice").  Indeed, he cannot show that his application might have been adjudicated differently but for the error, since his application has not yet been adjudicated.  Al Khouri v. Ashcroft, 362 F.3d 461, 466 (8th Cir. 2004) (noting that prejudice requires error potentially affecting outcome of proceedings).  And, while the Court believes that a significant delay in adjudicating a naturalization application might constitute prejudice under appropriate circumstances, it does not believe that the delay in this case, standing alone, is sufficient to constitute prejudice.  Second, the equal-protection claim fails because Morral has not identified any "class of similarly situated persons who [have been] treated dissimilarly."  Geach v. Chertoff, 444 F.3d 940, 945 (8th Cir. 2006).  Indeed, the Complaint alleges that "tens of thousands of applications for naturalization have become hopelessly backlogged" for the same reasons as his:  the delay in receiving FBI name-check results.  (Compl. ¶ 15.)  In any event, even if Morral *had* identified (and pleaded) a similarly-situated class, he has nowhere pleaded that his "dissimilar" treatment resulted from intentional and purposeful discrimination.  See Antonishin v. Keisler, No. 06 CV 2518, 2007 WL 2788841, at *9-10 (N.D. Ill. Sept. 20, 2007) (dismissing equal-protection claim where plaintiffs had not "alleged that defendants had purposefully favored one class of applicants over another when implementing the name-check").

Repeshchuk, and it incorporates herein by reference its discussion of subject-matter

jurisdiction in that case.  For the reasons stated therein, the Court concludes that it enjoys

subject-matter jurisdiction over Morral's claim seeking judicial adjudication of his

Application.[4]

Nevertheless, the Court does not believe that it is appropriate to adjudicate the

Application at this juncture because doing so requires expertise that this Court does not

possess.  See El-Daour v. Chertoff, 417 F. Supp. 2d 679, 680 (W.D. Pa. 2005).

Moreover, adjudicating the Application would create an incentive for others to file similar

actions in an attempt to "jump the line" and expedite their naturalization applications.

Accordingly, the Court concludes that rather than adjudicating the Application itself, the

appropriate remedy is to remand this matter to CIS.  And, the Court does not believe that

placing an artificial time constraint on CIS to adjudicate the Application on remand is

"either appropriate or advisable."  Repeshchuk, 2007 WL 2361450, at *4.  The delay in

this case is far shorter than in Respeshchuk (where more than four years had passed since

the applicant's naturalization interview), as well as the delays in other cases that have

been remanded to CIS with instructions to adjudicate naturalization applications within

_____

[4] If anything, the conclusion that the Court enjoys subject-matter jurisdiction is stronger
now than it was in Repeshchuk.  Prior to the Court issuing its opinion in that case, the Fifth
Circuit, in Walji v. Goznales, became the first appellate court to address the subject-matter
jurisdiction question, holding that federal courts lack subject-matter jurisdiction over claims
seeking adjudication of naturalization applications delayed due to pending name checks.  This
Court in Repeshchuk expressed its disagreement with Walji and Danilov v. Aguirre, 370 F.
Supp. 2d 441 (E.D. Va. 2005), upon which Walji relied, and noted that a majority of federal
courts had rejected the approach taken in those two cases.  After the Repeshchuk decision was
issued, however, the Fifth Circuit withdrew its opinion in Walji and subsequently reversed itself,
concluding that federal courts do, indeed, enjoy subject-matter jurisdiction over such claims.
500 F.3d 432 (5th Cir. 2007).

specified time frames.  See, e.g. Karrar v. Frazier, Civ. No. 07-1853, 2007 WL 3023327, at *7 (D. Minn. Oct. 12, 2007) (Frank, J.) (remanding to CIS with instructions to adjudicate application within 120 days where application had been pending for nearly three years after CIS interview); Manzoor v. Chertoff, 472 F. Supp. 2d 801, 810 (E.D. Va. 2007) (application pending for more than three years post-interview remanded to CIS with instructions to adjudicate application within 120 days).

The Court believes that the proper course of action, given the length of the delay in this case, is to remand the matter to CIS with instructions to adjudicate the Application as expeditiously as possible, and to require CIS to periodically update the Court with the status of Morral's Application.  In Repeshchuk, the Court ordered such updates to be filed every 60 days.  Because the length of time Morral's Application has been pending is far shorter than that in Repeshchuk, however, the Court concludes that updates need not be as frequent as in that case.  Accordingly, it will require CIS to update the Court every 90 days.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. No. 4) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1.      The Motion is **GRANTED** as to Plaintiff's equal-protection and due-process claim (Count 2 of the Complaint) and that claim is **DISMISSED WITH PREJUDICE**; and

2.      This matter is **REMANDED** to CIS with instructions to adjudicate Morral's

Application as expeditiously as possible.  CIS is directed to report to this Court every 90

days the status of Morral's Application.  Once CIS receives the results of Morral's name

check from the FBI, the Application shall be adjudicated as expeditiously as possible, but

in no event later than 60 days after receipt of the name-check results.  CIS shall notify this

Court as soon as Morral's Application has been adjudicated.  The Court will retain

jurisdiction over this matter to ensure CIS's compliance with this Order.


Dated: November 28, 2007                          s/ Richard H. Kyle
                                                  RICHARD H. KYLE
                                                  United States District Judge